**Anthony Robinson Jr/Pro Se Litigant**
**Plaintiff, Pro Se**
**1734 Palm Ave**
**Stockton ,CA 95205**



**FILED**

OCT 11 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

**Anthony Robinson Jr**
**Plaintiff,**

**v.**

**CARMAX AUTO FINANCE, LLC**
**Bill Nash-CEO**
**Enrique Mayor-Mora-CFO**
**Tom Folliard-Chairman of the Board**
**Defendant(s).**

*PLAINTIFF DEMAND FOR JURY TRIAL*
*DAMAGES FOR A CIVIL CASE*

CASE NO: 2:24 CV 2795 DJC CSK (PS)

## INTRODUCTION

COMES NOW, person ANTHONY ROBINSON JR, presented by man Anthony Robinson Jr, and files this Complaint against Carmax Auto Finance, LLC, singularly and collectively referred to as "Defendants" and alleges upon information and belief the following:

## STATEMENT OF CLAIM

1. This action is brought by Plaintiff Anthony Robinson Jr ("Plaintiff") against Defendant CarMax Auto Finance, LLC ("Defendant" or "CarMax"), a financing company affiliated with CarMax, the dealership, for damages arising from fraudulent and deceptive business practices, including the securitization of Retail Installment Sales Contracts ("RISC") without proper disclosure to consumers and the resulting unlawful double payment scheme.

2. Plaintiff seeks damages of Ten Million Dollars ($10,000,000) for the harm suffered due to Defendant's violations of California and federal law, including breach of contract, fraudulent misrepresentation, and violations of California's Unfair Competition Law (UCL) and Consumer Legal Remedies Act (CLRA).

*BASIS FOR JURISDICTION AND VENUE*

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (Diversity Jurisdiction) as the parties are citizens of different states, and the amount in controversy exceeds $75,000.

4. Venue is proper in the Eastern District of California pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in this District, and Defendant conducts substantial business in this District.

*THE PARTIES TO THIS COMPLAINT*

5. Plaintiff, Anthony Robinson Jr, is an individual residing in Stockton, California. At all times relevant herein, Plaintiff entered into a retail installment sales contract with Defendant in connection with the purchase of a vehicle from CarMax.

6. Defendant, CarMax Auto Finance, LLC, is a Delaware Limited Liability Company with its principal place of business in Richmond Virginia. Defendant provides financing and loan services related to vehicle sales through CarMax dealerships across the United States, including in California.

*GENERAL FACTUAL ALLEGATIONS*

7. On August 11, 2022, Plaintiff purchased a vehicle from a CarMax dealership and entered into a Retail Installment Sales Contract (RISC) with Defendant to finance the vehicle.

8. Unbeknownst to Plaintiff, Defendant utilized the RISC as securities collateral, thereby securitizing the contract and raising funds through the Federal Reserve custodial system without disclosing such practices to Plaintiff.

9. As a result of this securitization process, Plaintiff became subject to an unlawful double payment scheme, in which funds were generated through securitization, but Defendant continued to charge Plaintiff under the terms of the contract, effectively causing Plaintiff to pay twice for the same loan amount.

10. Plaintiff sent a rescission letter to Defendant in December 2023, requesting that Defendant cease further collection activities and rescind the contract based on these undisclosed practices. Defendant has failed to respond, and Plaintiff considers Defendant in default of the rescission letter.

11. Improper performance was made on this account by extraneous and unnecessary Federal reserve Notes being used to pay on the account.

12. Proper performance would have been to indorse the original collateral securities under special negotiation, prior to them being exchanged for Federal reserve Notes.

**FIRST CAUSE OF ACTION**
*(Breach of Contract)*

13. Plaintiff incorporates by reference all prior allegations as though fully set forth herein.

14. Plaintiff entered into a valid and enforceable Retail Installment Sales Contract with Defendant. Defendant's actions in utilizing the RISC as securities collateral and failing to disclose these practices constitute a breach of the express and implied terms of the contract.

13. Plaintiff has suffered substantial damages as a result of Defendant's breach, including, but not limited to, overpayment on the loan, credit harm, and financial hardship.

**SECOND CAUSE OF ACTION**
*(Fraudulent Misrepresentation)*

14. Plaintiff incorporates by reference all prior allegations as though fully set forth herein.

15. Defendant knowingly and intentionally misrepresented the nature of the RISC, failing to disclose that it would be used as securities collateral and that Plaintiff would be subjected to a double payment scheme.

16. Defendant's misrepresentations were made with the intent to induce Plaintiff to enter into the contract and make payments without knowledge of the securitization practices.

17. As a result of Defendant's fraudulent conduct, Plaintiff has suffered damages, including financial loss, emotional distress, and harm to creditworthiness.

*THIRD CAUSE OF ACTION*
*(Violation of California Unfair Competition Law - Business & Professions Code § 17200)*

18. Plaintiff incorporates by reference all prior allegations as though fully set forth herein.

19. Defendant's practices of utilizing RISCs as securities collateral without disclosure and subjecting consumers to a double payment scheme constitute unfair, unlawful, and fraudulent business practices in violation of California's Unfair Competition Law.

20. Plaintiff is entitled to restitution, injunctive relief, and damages for the harm caused by Defendant's illegal business practices.

*FOURTH CAUSE OF ACTION*
*(Violation of the Consumer Legal Remedies Act - California Civil Code § 1750)*

21. Plaintiff incorporates by reference all prior allegations as though fully set forth herein.

22. Defendant's deceptive practices, including failing to disclose the securitization of RISCs, constitute a violation of the Consumer Legal Remedies Act (CLRA), which prohibits deceptive practices in the sale and financing of goods.

23. As a result of these violations, Plaintiff has suffered damages and is entitled to recover compensation for the harm caused.

*FIFTH Cause of Action: Violation of Title 15 U.S.C. § 1692e – False and Misleading Representations*

CarMax Auto Finance engaged in false, deceptive, and misleading representations when it communicated to me, Anthony Robinson Jr, that nonpayment of my debt would result in the immediate repossession of my vehicle without following the proper legal process as required by law. The actions taken by CarMax Auto Finance constitute a violation of Title 15 U.S. Code § 1692e, specifically subsections (4) and (5), which prohibit threatening actions that cannot legally be taken and misrepresentations related to the consequences of nonpayment.

*SIXTH Cause of Action: Violation of Title 15 U.S.C. § 1692e(4) – False Representation of Legal Consequences*

CarMax falsely represented that failure to make payments would lead to the repossession of my vehicle without a court order, in violation of 15 U.S.C. § 1692e(4). This provision prohibits the false representation that nonpayment will result in the seizure of property without proper legal process. CarMax's misrepresentation caused undue stress and anxiety, and led to the unlawful repossession of my vehicle.

*SEVENTH Cause of Action: Violation of Title 15 U.S.C. § 1692e(5) – Threat to Take Unauthorized Action*

CarMax Auto Finance threatened to take, and ultimately did take, action that it was not legally authorized to pursue under federal and state laws, including the Uniform Commercial Code (UCC) Article 9. This threat and subsequent unlawful repossession directly violate 15 U.S.C. § 1692e(5), which prohibits debt collectors from threatening to take any action that cannot legally be taken or is not intended to be taken.

*EIGHTH Cause of Action: Violation of Title 15 U.S.C. § 1641 – Assignee Liability*

As an assignee of the original creditor, CarMax Auto Finance is bound by the terms and legal obligations outlined in Title 15 U.S.C. § 1641. CarMax failed to comply with its responsibilities as an assignee by unlawfully repossessing my vehicle without following the proper legal procedures

required for consumer credit contracts. This failure exposes CarMax to assignee liability under federal law, making them responsible for the actions taken in violation of my consumer rights.

*NINTH Cause of Action: Violation of UCC Article 9-609 – Unauthorized Repossession*

CarMax Auto Finance violated UCC Article 9-609 by repossessing my vehicle without obtaining judicial authorization, as required under certain circumstances. The repossession was executed without proper notice and due process, constituting an unlawful seizure of my property. Under UCC 9-609, a secured party must comply with judicial procedures if the borrower contests the repossession or if specific state laws mandate judicial intervention.

*TENTH Cause of Action: Violation of UCC 9-625 – Failure to Comply with Enforcement Requirements*

Under UCC Article 9-625, CarMax Auto Finance, as the secured party, is required to follow specific procedures to enforce its security interest. CarMax failed to comply with these requirements by unlawfully repossessing my vehicle and failing to provide adequate notice or an opportunity for me to rectify the alleged default. This failure entitles me to recover damages as outlined in UCC 9-625.

*ELEVENTH Cause of Action: Unjust Enrichment*

CarMax Auto Finance was unjustly enriched through its wrongful repossession of my vehicle and by depriving me of the financial benefit of the security interest. By unlawfully taking possession of the vehicle and potentially profiting from its sale or use as collateral, CarMax gained a financial benefit at my expense. This unjust enrichment entitles me to restitution in the form of the vehicle's return or equivalent monetary compensation.

*TWELFTH Cause of Action: Fraud in the Inducement*

CarMax Auto Finance, by misrepresenting the terms of my credit agreement and my legal rights under that agreement, fraudulently induced me into a contractual relationship that resulted in financial harm. The failure to disclose critical information about repossession procedures and the false representation of the terms related to my rights under UCC Article 9 constitutes fraud in the inducement, for which CarMax is liable.

*THIRTEENTH Cause of Action: Breach of Contract*

By denying me the rights outlined in the credit agreement and unlawfully repossessing my vehicle, CarMax Auto Finance has breached the contract. The credit agreement contained provisions protecting my rights as a borrower, including the right to judicial review before repossession. CarMax's failure to adhere to these terms has caused me financial and emotional damages.

*FOURTEENTH Cause of Action: Conversion*

The repossession of my vehicle without proper legal authority or judicial intervention constitutes conversion. CarMax Auto Finance wrongfully took possession of my personal property, depriving me of its use and value. This unlawful action entitles me to damages for the loss of use and the emotional distress caused by the wrongful taking.

*FIFTEENTH Cause of Action: Negligent Misrepresentation*

CarMax Auto Finance negligently misrepresented the terms of my credit agreement and the legal procedures for repossession. By failing to provide accurate information and misleading me about my rights and obligations, CarMax caused financial harm and emotional distress. The negligent misrepresentation of these facts violated my right to informed decision-making under the credit contract.

*SIXTEENTH Cause of Action: Breach of Fiduciary Duty*

CarMax Auto Finance, in its role as a secured party and lender, owed a fiduciary duty to act in good faith and in my best interest. By unlawfully repossessing my vehicle and misrepresenting the terms of the credit agreement, CarMax breached its fiduciary duty, resulting in financial harm and distress.

*SEVENTEENTH Cause of Action: Violation of California Business and Professions Code § 17200 – Unfair Competition*

CarMax Auto Finance's unlawful repossession and deceptive business practices violate California's Unfair Competition Law (UCL) under Business and Professions Code § 17200. The UCL prohibits unlawful, unfair, and fraudulent business acts or practices. CarMax's actions deprived me of my vehicle and the benefits of my credit agreement, causing financial harm and loss of business opportunities.

*EIGHTEENTH Cause of Action: Violation of California Rosenthal Fair Debt Collection Practices Act*

**CarMax Auto Finance's actions violated the California Rosenthal Fair Debt Collection Practices Act (RFDCPA), which prohibits debt collectors from engaging in unfair or deceptive practices in the collection of consumer debts. CarMax's false representations, unauthorized repossession, and failure to provide adequate notice all constitute violations of the FDCPA.**

*NINETEENTH Cause of Action: Emotional Distress*

**As a direct result of CarMax Auto Finance's unlawful actions, including the unauthorized repossession of my vehicle and the distress caused by their misleading representations, I have suffered significant emotional distress. This emotional harm includes anxiety, stress, and emotional suffering, for which CarMax is liable.**

*TWENTIETH Cause of Action: Violation of Title 15 U.S.C. § 1692d – Harassment or Abuse*

**CarMax Auto Finance's unlawful and deceptive practices in attempting to repossess my vehicle, without following the proper legal procedures, constitutes harassment under 15 U.S.C. § 1692d. Their actions were intended to coerce me into compliance through fear and confusion, resulting in emotional distress.**

*TWENTY FIRST Cause of Action: Punitive Damages*

**CarMax Auto Finance's actions were willful, malicious, and done with reckless disregard for my rights as a borrower. As such, I am entitled to punitive damages, which should be awarded to deter CarMax and others from engaging in similar unlawful behavior in the future.**

*TWENTY SECONTH Cause of Action: Wrongful Repossession*

**CarMax Auto Finance's repossession of my vehicle was conducted without proper legal authority, as required under UCC Article 9 and applicable state law. This wrongful repossession caused financial loss and emotional distress, for which I am entitled to compensatory and punitive damages.**

*TWENTY THIRD Cause of Action: Breach of Duty of Good Faith and Fair Dealing*

CarMax Auto Finance breached the implied covenant of good faith and fair dealing inherent in every contract. By denying me access to my vehicle without proper legal procedures and misrepresenting the terms of the credit agreement, CarMax acted in bad faith, causing me financial harm and emotional distress.

*TWENTY FOURTH Cause of Action: Unlawful Conversion of Proceeds*

In addition to unlawfully repossessing my vehicle, CarMax Auto Finance has likely retained proceeds from the sale or use of the vehicle, in violation of UCC Article 9. I am entitled to the proceeds of the collateral as the secured party and to damages for the unlawful conversion of these proceedings...

*TWENTY FIFTH Cause of Action: Violation of California Consumer Legal Remedies Act (CLRA)*

CarMax Auto Finance's deceptive and unfair business practices, including misrepresentations about my rights under the credit agreement and unauthorized repossession, violate the California Consumer Legal Remedies Act (CLRA). The CLRA provides remedies for consumers who have been harmed by unlawful business practices, including damages, restitution, and injunctive relief.

### Demand for Relief

As a result of the actions outlined in the 1st through 25th causes of action, I demand the following relief:

1. A Brand New Truck the same Make and Model of my vehicle.
2. Compensation for damages in the amount of $10,000,000 for Breach of Contract, Misrepresentation, and the unlawful repossession, emotional distress, and financial harm.
3. Punitive damages to deter CarMax Auto Finance from engaging in similar unlawful practices in the future.
4. Restitution for the repossession and financial harm

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. Compensatory damages in the amount of Ten Million Dollars ($10,000,000) for financial losses, emotional distress, and harm to credit;

**2. Punitive damages to deter Defendant from engaging in further fraudulent and deceptive practices;**

**3. Restitution and injunctive relief pursuant to California Business & Professions Code § 17200;**

**4. Attorney's fees and costs as allowed by law;**

**5. Prejudgment and post-judgment interest; and**

**6. Such other relief as the Court may deem just and proper.**

*DEMAND FOR JURY TRIAL*

**Plaintiff hereby demands a trial by jury on all claims so triable.**

*Certification and Closing*

**Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint; (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.**

**I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

**Date of signing** 10/9 **, 2024.**

**Signature of Plaintiff**

**Printed Name of Plaintiff:  Anthony C. Robinson Jr.**