UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ROBINSON, JR., | Case No. 2:24-cv-2795-DJC-CSK |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| CARMAX AUTO FINANCE, LLC, et al., | (ECF Nos. 1, 2) |
| Defendants. | |

Plaintiff Anthony Robinson, Jr. is representing himself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 2.) For the reasons that follow, the Court recommends Plaintiff's IFP application be denied, and the Complaint be dismissed with leave to amend.

I.   **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1]   This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,650.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff's IFP application does not make the financial showing required by 28 U.S.C. § 1915(a). Plaintiff's affidavit indicates he has a monthly gross income of $3,000, i.e., $36,000 annually, with a monthly net income of $2,737.50. *See* ECF No. 2 at 1, ¶ 2. Plaintiff states he has $75 in liquid assets and has monthly expenses of approximately $800.[2] *Id.* at 2, ¶¶ 4, 6. Thus, Plaintiff's gross household income is close to double the 2025 poverty guideline. Further, and more importantly, Plaintiff's gross income-to-expense ratio leaves him, on average, with approximately $2,200 per month in expendable income. Given this, the Court cannot find Plaintiff unable to pay. *See Escobedo*, 787 F.3d at 1234. While the Court is sympathetic to Plaintiff's situation, he is not indigent and numerous litigants in this court have significant monthly expenditures. Thus, the Court recommends Plaintiff's IFP motion be denied. *See Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988) (absent consent of all parties, magistrate judge lacks authority to issue dispositive order denying in forma pauperis status).

## II.    SCREENING REQUIREMENT

Even if the Court were to grant Plaintiff's IFP application, Plaintiff's Complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)'s required pre-answer screening.

---

[2]  Plaintiff indicates he has other debts and financial obligations but does not provide additional information regarding the amounts. *See* ECF No. 2 at 2, ¶ 8. Accordingly, the Court did not consider these debts in its calculations.

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

The Court is required to deny an IFP application when the complaint fails to state a claim. 28 U.S.C. § 1915(e)(2). Because the Court finds the Complaint fails to state a

3

claim, as set forth below, Plaintiff's IFP application should also be denied on this basis. Although the Court finds that the Complaint should be dismissed, it recommends that leave to amend be granted. *See Lopez*, 203 F.3d at 1127-28.

### III.     THE COMPLAINT

Plaintiff brings this action against Defendants CarMax Auto Finance, LLC, Bill Nash (CEO), Enrique Mayor-Mora (CFO), and Tom Folliard (Chairman of the Board). Compl. at 1-2 (ECF No. 1). Plaintiff alleges that on August 11, 2022, Plaintiff purchased a car from Defendant CarMax Auto Finance and entered into a "Retail Installment Sales Contract" with Defendant CarMax Auto Finance to finance the vehicle. *Id*. at 2. Plaintiff alleges that Defendant CarMax Auto Finance utilized the contract "as securities collateral, thereby securitizing the contract and raising funds through the Federal Reserve custodial system without disclosing" to Plaintiff. *Id*. at 3. As a result of this, Plaintiff alleges he was subjected to an "unlawful double payment scheme," resulting in Plaintiff paying twice for the same loan amount. *Id.* Plaintiff further alleges that in December 2023, Plaintiff sent a recission letter "requesting that Defendant cease further collection activities and rescind the contract based on these undisclosed practices." *Id.* Based on a failure to respond, Plaintiff "considers Defendant in default of the recission letter." *Id.* Plaintiff alleges the following twenty-five (25) causes of action: (1) breach of contract; (2) fraudulent misrepresentation; (3) violation of California Business & Professions Code §§ 17200, *et seq.*; (4) violation of California Civil Code § 1750; (5) violation of 15 U.S.C. § 1692e for "[f]alse and [m]isleading [r]epresentations;" (6) violation of 15 U.S.C. § 1692e(4) for "[f]alse [r]epresentation of [l]egal [c]onsequences;" (7) violation of 15 U.S.C. § 1692e(5) for "[t]hreat to [t]ake [u]nauthorized [a]ction;" (8) violation of 15 U.S.C. § 1641 for "Assignee [l]iability;" (9) violation of Uniform Commercial Code § 9-609 for "[u]nauthorized [r]epossesion;" (10) violation of Uniform Commercial Code § 9-625 for "[f]ailure to [c]omply with [e]nforcement [r]equirements;" (11) unjust enrichment; (12) "fraud in the inducement;" (13) breach of contract; (14) conversion; (15) negligent misrepresentation; (16) breach of

fiduciary duty; (17) violation of California Business & Professions Code §§ 17200, *et seq.*; (18) violation of "California Rosenthal Fair Debt Collection Practices Act;" (19) emotional distress; (20) violation of 15 U.S.C. § 1692d for "[h]arassment of [a]buse;" (21) punitive damages; (22) wrongful repossession; (23) breach of duty of good faith and fair dealing; (24) "unlawful conversion of proceeds;" and (25) violation of "California Consumer Legal Remedies Act." *Id.* at 3-9. For relief, Plaintiff seeks damages in the amount of $10 million and other forms of relief. *Id.* at 9-10.

## IV.   DISCUSSION

### A.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and may hear only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Jurisdiction is a threshold inquiry, and "[f]ederal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)); *see Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. *See Morongo*, 858 F.2d at 1380. A federal court's jurisdiction may be established in one of two ways: actions arising under federal law or those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332. "Subject-matter jurisdiction can never be waived or forfeited," and "courts are obligated to consider *sua sponte*" subject matter jurisdiction even when not raised by the parties. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012).

The Complaint fails to establish the Court's subject matter jurisdiction. *See* Compl. The Complaint raises several federal law claims, however, as detailed below, Plaintiff has yet to assert a properly pleaded federal cause of action. As currently pled, the Complaint does not support a basis for federal question and does not support exercising supplemental jurisdiction over the state law claims. *See* 28 U.S.C. §§ 1331

("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction[.]").

The Complaint also fails to establish diversity jurisdiction. Although Plaintiff satisfies the amount in controversy requirement by stating he seeks $10 million in damages, Plaintiff fails to establish diversity of citizenship. *See* Compl. at 2, 9. Plaintiff states he is a citizen of California. *Id*. at 2. However, Plaintiff only includes the citizenship of one of the four defendants: Defendant CarMax Auto Finance. *Id*. at 2 (Defendant CarMax Auto Finance "is a Delaware Limited Liability Company with its principle place of business in Richmond[,] Virginia."). The Complaint does not allege the citizenship of the other three named defendants, including Defendants Bill Nash, Enrique Mayor-Mora, and Tom Folliard. *See* Compl. Because complete diversity of citizenship must be established and such diversity is not alleged here, the Court finds that it also lacks subject matter jurisdiction based on diversity jurisdiction. *See Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."); *Bautista v. Pan American World Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must "affirmatively" allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.). However, the Court finds leave to amend is appropriate to provide Plaintiff an opportunity to address the jurisdictional deficiencies discussed above.

### B.     Federal Rule of Civil Procedure 8

Plaintiff's Complaint also does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v.*

*Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's Complaint reveals it consists of "[t]hreadbare recitals of the elements" of each cause of action and consists of conclusory allegations that are insufficient to establish Plaintiff's causes of action. *Iqbal*, 556 U.S. at 678. The Court addresses each of the Complaint's deficiencies in turn.

                1.     <u>Defendants Bill Nash, Enrique Mayor-Mora, and Tom Folliard</u>

The Complaint contains no factual allegations concerning Defendants Bill Nash, Enrique Mayor-Mora, and Tom Folliard and their roles in this contract dispute. *See generally* Compl. Defendants Nash, Mayor-Mora, and Folliard are only mentioned in the caption of the Complaint. *Id*. at 1. Based on the lack of factual allegations made against Defendants Nash, Mayor-Mora, and Folliard, Plaintiff has failed to state a claim against these Defendants on this basis. *See Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1033 (9th Cir. 2014) (Under Rule 8, a complaint must provide sufficient "underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Because the Complaint contains no specific allegations against Defendants Nash, Mayor-Mora, and Folliard, all claims against these Defendants are dismissed with leave to amend. Plaintiff will be provided an opportunity to amend his Complaint, if he can, alleging facts demonstrating Defendants Nash, Mayor-Mora, and Folliard's involvement or connection in Plaintiff's alleged violations.

                2.     <u>Federal Law Claims</u>

Plaintiff raises five federal causes of action in his Complaint. Plaintiff's federal claims include the following violations of the federal Fair Debt Collection Practices Act ("FDCPA"): violation of 15 U.S.C. § 1692e for false and misleading representations (Fifth Cause of Action); violation of 15 U.S.C. § 1692e(4) for false representation of legal consequences (Sixth Cause of Action); violation of 15 U.S.C. § 1692e(5) for threat to take unauthorized action (Seventh Cause of Action); and violation of 15 U.S.C. § 1692d for "harassment of abuse" (Twentieth Cause of Action). Compl. at 5-6, 8. Plaintiff also raises a federal claim under the Truth in Lending Act ("TILA") for violation of 15 U.S.C. § 1641 for assignee liability (Eighth Cause of Action). Compl. at 5-6.

The Court addresses each cause of action below. Before doing so, the Court first addresses two threshold deficiencies in the Complaint as it relates to the FDCPA causes of action.

First, Plaintiff does not sufficiently allege whether or not the contract at issue falls within the purview of the FDCPA. *See Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004) ("Because not all obligations to pay are considered debts under the FDCPA, a threshold issue in a suit brought under the Act is whether or not the dispute involves a 'debt' within the meaning of the statute."). The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *see also Bloom v. I.C. Sys. Inc.*, 972 F.2d 1067, 1068-69 (9th Cir. 1992) (explaining that the FDCPA applies only to debts incurred for personal, family or household purposes rather than business or commercial reasons). In its current form, the Complaint does not sufficiently allege whether the alleged debt is a consumer debt covered by the FDCPA. As best as the Court can tell, the "debt" involved is related to a vehicle loan. Compl. at 2-3. Second, Plaintiff does not allege whether Defendant is a "debt collector" under the FDCPA. *See generally* Compl. As such, these claims fail to state a valid claim upon which relief may be granted pursuant to the FDCPA. *See Western Mining Council*, 643 F.2d at 624.

Next, the Court addresses each specific cause of action. For the fifth, sixth, and seventh causes of action, Plaintiff alleges Defendant violated 15 U.S.C. § 1692e by engaging in "false, deceptive, and misleading representations" when it "communicated" to Plaintiff that "nonpayment of [his] debt would result in the immediate repossession of [his] vehicle." Compl. at 5. Plaintiff alleges that Defendant's false representations that nonpayment would result in the repossession of his vehicle without a court order was prohibited under the FDCPA. *Id.* The Complaint does not sufficiently state a claim for relief under 15 U.S.C § 1692e, e(4), and e(5) because the facts do not establish that the

alleged debt is covered by the FDCPA and that Defendant as a "debt collector" used "any false, deceptive, or misleading representation or means in connection with the collection of any debt" as stated by 15 U.S.C. § 1692e. In addition, the facts do not allege that the repossession of Plaintiff's vehicle was not "lawful" and that the "threat to" repossess the car was not one that could "legally be taken." *See* 15 U.S.C. § 1692e(4), e(5). For the twentieth cause of action, Plaintiff alleges Defendant violated 15 U.S.C § 1692d for "unlawful and deceptive practices in attempting to repossess [Plaintiff's] vehicle," which constituted harassment. Compl. at 8. The Complaint does not sufficiently state a claim for relief under 15 U.S.C § 1692d because it is not clear to the Court how Defendant's behavior amounts to abusive, harassing, and/or oppressive conduct as required by the FDCP. *See Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1227 (E.D. Cal. 2010) ("Although there is no bright-line rule, certain conduct generally is found to either constitute harassment, or raise an issue of fact as to whether the conduct constitutes harassment, while other conduct fails to establish harassment as a matter of law."). Based on the above, the Court finds Plaintiff has failed to state a claim under the FDCPA. However, the Court finds leave to amend is appropriate as to these causes of action.

As to Plaintiff's eighth cause of action, Plaintiff alleges Defendant "failed to comply with its responsibilities as an assignee" by unlawfully repossessing Plaintiff's vehicle without taking proper legal procedures in violation of 15 U.S.C. § 1641. Compl. at 5-6. Plaintiff's allegations are conclusory and do not sufficiently allege which specific disclosure statement is in dispute, if any, and what specific violations Plaintiff is alleging Defendant committed under the TILA. Accordingly, the Court finds Plaintiff has failed to state a claim under the TILA. The Court finds, however, leave to amend is appropriate as to Plaintiff's eighth cause of action.

3.   State Law Claims

Plaintiff raises several state law claims in his Complaint. Compl. at 3-9. They include the following: breach of contract (First & Thirteenth Causes of Action); fraudulent

1  misrepresentation (Second Cause of Action); violation of California Business &
2  Professions Code §§ 17200, et seq (Third & Seventeenth Cause of Action); violation of
3  California Civil Code § 1750 (Fourth Cause of Action); violation of Uniform Commercial
4  Code § 9-609 (Ninth Cause of Action); violation of Uniform Commercial Code § 9-625
5  (Tenth Cause of Action); unjust enrichment (Eleventh Cause of Action); fraud in the
6  inducement (Twelfth Cause of Action); conversion (Fourteenth Cause of Action);
7  negligent misrepresentation (Fifteenth Cause of Action); breach of fiduciary duty
8  (Sixteenth Cause of Action); violation of California Rosenthal Fair Debt Collection
9  Practices Act (Eighteenth Cause of Action); emotional distress (Nineteenth Cause of
10 Action); punitive damages (Twentieth Cause of Action); wrongful repossession (Twenty-
11 Second Cause of Action); breach of duty of good faith and fair dealing (Twenty-Third
12 Cause of Action); unlawful conversion of proceeds (Twenty-Fourth Cause of Action); and
13 violation of California Consumer Legal Remedies Act (Twenty-Fifth Cause of Action). *Id.*
14 Because Plaintiff has not alleged any cognizable federal claims, the Court will not
15 exercise supplemental jurisdiction over his state law claims at this juncture. The Court
16 finds granting leave to amend is appropriate here. Plaintiff may amend his state law
17 claims, but if he fails to allege a viable federal claim in his amended complaint, the Court
18 may decline to exercise supplemental jurisdiction over his state law claims. *See*
19 28 U.S.C. § 1367(a).

20      **C.      Leave to Amend**

21      Although the Federal Rules adopt a flexible pleading policy, even a pro se
22 litigant's complaint must give fair notice and state the elements of a claim plainly and
23 succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In
24 light of Plaintiff's pro se status, and because it is at least conceivable that Plaintiff could
25 allege additional facts to state claims upon which relief may be granted, the Court finds it
26 appropriate to grant Plaintiff an opportunity to amend the Complaint. *See Lopez*, 203
27 F.3d at 1130-31 (indicating that prior to dismissal, the court is to tell the plaintiff of
28 deficiencies in the complaint and provide an opportunity to cure – if it appears at all

possible the defects can be corrected).

If Plaintiff elects to file an amended complaint, this new pleading shall allege facts establishing the existence of federal jurisdiction and must contain a short and plain statement of Plaintiff's claim. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. See Fed. R. Civ. P. 10(b). Forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not require the Court and the defendants to guess at what is being alleged against whom. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id*. at 1180. The amended complaint must not require the Court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id*. at 1179.

Plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).

## V. CONCLUSION

Based upon the findings above, it is RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be DENIED;

11

    2.       Plaintiff's Complaint (ECF No. 1) be DISMISSED with leave to amend;

    3.       Plaintiff be granted 30 days to file an amended complaint that complies with the instructions provided above; and

    4.       Plaintiff SHALL pay the filing fee at the time of filing the first amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: May 7, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, robi2795.24