1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANTHONY ROBINSON, JR.,                    Case No. 2:24-cv-2795-DJC-CSK

12              Plaintiff,                      FINDINGS AND RECOMMENDATIONS
                                                TO DISMISS FOR FAILURE TO
13        v.                                    PROSECUTE

14   CARMAX AUTO FINANCE, LLC, et al.,

15              Defendants.

16

17        Plaintiff Anthony Robinson, Jr., proceeding without the aid of counsel, filed this

18   action on October 11, 2024.[1] (ECF No. 1.) On May 8, 2025, the Court issued Findings

19   and Recommendations recommending Plaintiff's motion to proceed in forma pauperis

20   ("IFP") be denied and the Complaint be dismissed with leave to amend. 5/8/2025

21   Findings and Recommendations (ECF No. 3). On June 16, 2025, the district judge

22   adopted the May 8, 2025 Findings and Recommendations in full and denied Plaintiff's

23   IFP and dismissed Plaintiff's Complaint. 6/16/2025 Order (ECF No. 4). The June 16,

24   2025 Order also granted Plaintiff thirty (30) days to file an amended complaint and

25   directed Plaintiff to pay the filing fee at the time of filing the amended complaint. *Id.* at 2.

26   Plaintiff did not respond. *See* Docket. On August 8, 2025, the Court issued an Order to

27   _____

28   [1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R.
     Civ. P. 72, and Local Rule 302(c)(21).

                                                1

1  Show Cause ordering Plaintiff to respond and file an amended complaint and pay the

2  filing fee within twenty-one (21) days. 8/8/2025 Order at 2 (ECF No. 5). The deadline has

3  now passed without any response from Plaintiff to the Order to Show Cause. *See*

4  Docket. Accordingly, the Court recommends dismissal of this action for failure to

5  prosecute.

6  **I.      LEGAL STANDARDS**

7          Under Federal Rule of Civil Procedure 41, a court may dismiss an action for

8  failure to prosecute or failure to comply with the Federal Rules of Civil Procedure, the

9  court's local rules, or any order of the court. Fed. R. Civ. P. 41(b); *see also Ghazali v.*

10 *Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (approving dismissal under Rule 41(b) for a party's

11 failure to follow the district court's local rules). This court's Local Rules are in accord.

12 *See* E.D. Cal. Local Rule 110 ("Failure of counsel or of a party to comply with these

13 Rules or with any order of the Court may be grounds for imposition by the Court of any

14 and all sanctions authorized by statute or Rule or within the inherent power of the

15 Court."); E.D. Cal. Local Rule 183(a) (providing that a pro se party's failure to comply

16 with the federal rules, local rules, or other applicable law may support dismissal of that

17 party's action). The court may act on its own accord in exercising this authority. *Hells*

18 *Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005)

19 (approving sua sponte dismissals under Rule 41(b)).

20         The Ninth Circuit has found the following factors relevant in determining whether a

21 case should be dismissed under Rule 41(b):

22         (1) the public's interest in expeditious resolution of litigation;
           (2) the court's need to manage its docket;
23         (3) the risk of prejudice to the defendant(s);
           (4) the availability of less drastic alternatives; and
24         (5) the public policy favoring disposition of cases on their merits.

25 *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

26 / / /

27 / / /

28

## II.    DISCUSSION

Applying the factors for involuntary dismissal, the Court finds this action should be dismissed. *See Applied Underwriters*, 913 F.3d at 890. The first two factors weigh in favor of dismissal because the public has a strong interest in expeditious resolution of litigation, and Plaintiff has failed to take the steps necessary to move this case forward. In addition, this district court in particular has a strong need and interest in managing its docket given the extremely high caseload in the Eastern District of California. While the risk of prejudice to Defendants is somewhat minimal, there is some prejudice given the impact on resources of stale litigation.

As to the fourth factor, the Court has already tried less drastic alternatives. Specifically, Plaintiff previously missed the deadline to file an amended complaint and pay the filing fee, and was given an opportunity to explain this failure. 8/8/2025 Order. Despite this, Plaintiff has failed to respond to the Order to Show Cause, file an amended complaint, pay the filing fee, or participate in this litigation, leaving the Court with little alternative but to recommend dismissal.

Finally, as to the public policy favoring disposition of cases on their merits, that factor is outweighed here. Indeed, it is Plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits.

Therefore, after careful consideration, the Court concludes dismissal for failure to prosecute is appropriate. *See Hells Canyon,* 403 F.3d at 689 (approving court's sua sponte dismissal under Rule 41(b) for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders).

## **RECOMMENDATIONS**

Accordingly, IT IS HEREBY RECOMMENDED that:

1.    Plaintiff's action be DISMISSED; and

2.    The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days

after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  September 8, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, robi2795.24